UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____

In re DONNA JO CORSE,                )
                                     )
          Debtor,                    )
                                     )
JOSEPHINE CORSE,                     )
                                     )   C.A. No. 13-282 S
          Appellant,                 )
                                     )
     v.                              )
                                     )
BANKRUPTCY ESTATE OF DONNA           )
JO CORSE, TRUSTEE,                   )
                                     )
          Appellee.                  )
_____  )

**OPINION AND ORDER**

WILLIAM E. SMITH, Chief Judge.

This matter comes before the Court on Appellant Josephine Corse's ("Appellant") appeal from an order of the United States Bankruptcy Court for the District of Rhode Island dismissing her appeal of an Order Approving Private Sale of Property as untimely. For the reasons set forth below, the judgment of the Bankruptcy Court is AFFIRMED and the appeal is DENIED.

I.   Facts

In August 2010, Donna Jo Corse (the "Debtor") filed for Chapter 7 bankruptcy protection. The Debtor owns a 1/4 remainder interest in property located in North Kingston, Rhode Island, subject to the life estate of her mother, the Appellant. In September 2012, the appointed Chapter 7 trustee (the

1

"Trustee") filed a motion seeking the approval of the Bankruptcy Court to sell the Debtor's remainder interest in the property. The Appellant objected. After reviewing submissions by the parties and hearing argument, the Bankruptcy Court authorized the proposed sale, and issued an order to that effect on January 31, 2013.[1]

Precisely fifteen days after issuance of the order, on February 15, 2013, the Appellant filed a notice of appeal. On March 25, 2013, the Bankruptcy Court issued an order for the parties to show cause as to why the appeal should not be dismissed as untimely. A hearing was held on April 10, 2013, at which the Bankruptcy Court set forth a detailed oral decision dismissing the appeal on the grounds that it was untimely. The instant appeal to this Court followed.

II. Discussion

The Bankruptcy Court's findings of fact are reviewed for clear error and its conclusions of law are reviewed de novo. Palmacci v. Umpierrez, 121 F.3d 781, 785 (1st Cir. 1997). "The notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). Furthermore, "[a] bankruptcy judge may dismiss an appeal if . . . the notice of appeal is not

---

[1] On February 2, 2013, a certificate of notice regarding the January 31 order was posted to the Bankruptcy Court's electronic docket.

filed within the time specified in Bankruptcy Rule 8002." LR Gen 109(f)(5)(A).

As the Bankruptcy Court recognized in its detailed and thorough oral decision, the Appellant's notice of appeal was filed a day late. The fourteen-day period in which a notice of appeal could have been filed under Bankruptcy Rule 8002 began on January 31, 2013 upon issuance of the Bankruptcy Court's ruling, not, as the Appellant would have the Court believe, on February 2, 2013 when the certificate of notice was posted. See In re Mitchell, No. 10-20059-JNF, 2011 Bankr. LEXIS 814, at *13-14 (Bankr. D. Mass. March 2, 2011) ("It is well established that the [fourteen] day period begins to run upon entry of the judgment or order and not from the date of service of the notice.") (internal citation omitted). For this reason, the judgment of the Bankruptcy Court is AFFIRMED and the appeal is DENIED.

IT IS SO ORDERED.

_____
William E. Smith
Chief Judge
Date:  February 19, 2014

3